ELLIS, Judge
(dissenting).
This suit resulted from a collision at the intersection of Edison Street, which runs north and south, and North Boulevard, which runs east and west in the city of Baton Rouge. Edison Street does not cross North Boulevard but enters it from the south and forms a T junction.
The truck driven by the defendant was proceeding east on North Boulevard while the plaintiff had been traveling north on Edison Street, and at the time of the collision was attempting to turn to her left on North Boulevard.
It is impossible to take the testimony of the plaintiff as being of any value, and even the trial court stated: “The plaintiff made a poor witness, making conflicting statements about distances when she first saw the truck and other matters pertaining to the accident.
Pretermitting the question of negligence on the part of the truck driver, I am firmly of the opinion that plaintiff was guilty of contributory negligence.
The only witnesses to the accident were the plaintiff and the driver of the truck, who was placed on the stand as plaintiff’s witness and, therefore, plaintiff is clearly bound by his testimony.
*421 It is shown that the plaintiff drove up to the intersection, stopped, and then pro-ceded out into North Boulevard, intending to make a left turn. At the time that she stopped, the truck driver saw her in that position and assumed that she had stopped to give him the right-of-way to which he was entitled under the ordinance of the City of Baton Rouge and the State Law. North Boulevard is a through street and is given the right-of-way and, furthermore, the ordinance insofar as it relates to left turns is practically the same as the State law, and, in addition, under Article 10, Section 55 of the City Ordinance of Baton Rouge we find: “All provisions and regulations provided by the Statutes of the State of Louisiana, and particularly that act as amended and known as the Highway Regulatory Act, are hereby declared to be in full force and effect, and to be followed by the operators of all vehicles upon the streets of the City of Baton Rouge.”
Clearly, in my opinion, the defendant had the right-of-way, and it is equally certain that the plaintiff intended to make a left hand turn and it was her duty to yield the right-of-way to the approaching truck and she should not have attempted to make a left hand turn unless and until the way was clear. Vernon v. Gillham, La.App., 179 So. 476; Home Insurance Company v. Warren, La.App., 29 So. 551; Lane v. Bourgeois, La.App., 28 So.2d 91; Grasser v. Cunningham, La.App., 200 So. 658; Gaines v. Standard Accident Insurance Company, La.App., 32 So.2d 633.
It is true that the actual collision occurred on the north side of North Boulevard, however, this is explained by the defendant driver in his testimony. He stated that when he saw the plaintiff’s car stopped slightly in the intersection of North Boulevard and Edison, he assumed that she would remain there, however, he pulled into the left or west bound traffic lane of North Boulevard, and when he did this the plaintiff came on out to make her left turn. The truck driver applied the pressure to his brakes and continued to his left, while the plaintiff then attempted to go in front of the truck by proceeding diagonally on across the street, and as a result the front end of the truck struck the left front side of the plaintiff’s car.
■ Under the facts, I am of the opinion that the plaintiff is barred from recovery by her own negligence in not seeing this truck as it approached or, if she did see it, in deliberately attempting to make a left turn when the defendant’s tr.uolc enjoyed the right-of-way under the facts and the law.
For these reasons, I respectfully dissent.